

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CALVIN ADKINSON, #334349,

    Petitioner,

v.

    ACTION NO.
    2:09-cv-138

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

Petitioner Calvin Adkinson ("Adkinson"), a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 24, 2004 convictions by the Circuit Court for the City of Newport News for two counts of malicious wounding, and one count of unlawful wounding. Adkinson was sentenced to a total of eleven years imprisonment and fined $11,000. Adkinson's appeal to the Court of Appeals of Virginia was denied. His petition for appeal to the Supreme Court of Virginia was, likewise, denied on October 5, 2005.

On September 26, 2006, Adkinson filed a state habeas petition in the Circuit Court for the City of Newport News. The Circuit Court, however, dismissed the petition on February 15, 2008. Adkinson then appealed that ruling to the Supreme Court of Virginia, but the petition was refused without explanation on September 24, 2008. Finally, Adkinson filed his section 2254 petition with this Court on March 18, 2009.

Adkinson is presently in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center in Haynesville, Virginia. On June 2, 2009, the Respondent filed a Rule 5 Answer and Motion to Dismiss. Adkinson did not file a response to the Motion to Dismiss. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Adkinson asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel due to counsel's failure to object to three improper jury instructions which incorrectly informed the jury as to the elements of malicious wounding.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Adkinson's claims are barred by the statute of limitations. The statute of limitations for actions under section 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Adkinson's judgment became final on January 3, 2006, ninety days after the Virginia Supreme Court

2

denied his direct appeal on October 4, 2005. For a prisoner, like Adkinson, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules). See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the statutory period of limitations for filing Adkinson's federal habeas petition began running on January 3, 2006.

Under section 2244(d)(2), the statute of limitations is tolled during the time that a properly filed petition for state collateral review is pending. 28 U.S.C. 2244(d)(2) (2009). Adkinson filed a habeas petition with the Circuit Court for the City of Newport News on September 26, 2006, after 265 days had elapsed from the one year statute of limitations. (Resp't. Br. 4). Eventually, however, on September 24, 2008, the Supreme Court of Virginia refused Adkinson's appeal of the Circuit Court's dismissal of that petition. (Ex. to Pet.). Still, Adkinson had 100 days remaining, or until January 2, 2009, to file his federal habeas petition. Adkinson, however, did not file the section 2254 writ until March 27, 2009, over two months past the statute of limitations deadline. (Doc. No. 1). Therefore, Adkinson's claims are barred by the statute of limitations.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the Respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

3

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                  /s/
                                      Tommy E. Miller
                              United States Magistrate Judge

Norfolk, Virginia
October 7, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Calvin Adkinson #334349
Haynesville Correctional Center
Haynesville, VA 22472

Rosemary V. Bourne, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

October 8, 2009